**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

OSCAR MARTINEZ-CRUZ,            :
                                    Civil Action No. 09-1783 (PGS)
           Petitioner,          :

     v.                         :    **OPINION**

ERIC HOLDER, et al.,            :

           Respondents.         :

**APPEARANCES:**

Petitioner pro se
Oscar Martinez-Cruz
Hudson County Correctional Center
35 Hackensack Ave.
Kearny, NJ 07032

**SHERIDAN**, District Judge

Petitioner Oscar Martinez-Cruz, an alien currently confined at Hudson County Correctional Center, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] The Respondents are Attorney General Eric Holder, Secretary Janet Napolitano, Scott Weber, and Warden Oscar Aviles..

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

Because the Petition is premature, the Court will dismiss it without prejudice.

## I. BACKGROUND

The following background facts are taken from the Petition and are accepted as true for purposes of this Opinion and the accompanying Order.

Petitioner is a native and citizen of Colombia. Petitioner was ordered removed on May 12, 2008. Petitioner appealed to the Board of Immigration Appeals ("BIA") and on August 22, 2008, the BIA denied Petitioner's appeal. On December 3, 2008, Petitioner submitted a motion to reconsider to the BIA. On January 30, 2009, the BIA denied that application.

Petitioner does not indicate that he has undertaken any further appeals. In this Petition, he challenges his continued detention under the rule announced by the Supreme Court in Zadvydas v. Davis, 533 U.S. 678 (2001).

## II. ANALYSIS

Post-removal-order detention is governed by 8 U.S.C. § 1231(a). Section 1231(a)(1) requires the Attorney General to attempt to effectuate removal within a 90-day "removal period."

> The removal period begins on the latest of the following:
>
> (i) The date the order of removal becomes administratively final.
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.

>   (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

Section 1231(a)(6) permits continued detention if removal is not effected within 90 days. However, the Supreme Court has held that such post-removal-order detention is subject to a temporal reasonableness standard. Specifically, once a presumptively-reasonable six-month period of post-removal-order detention has passed, a resident alien must be released if he can establish that his removal is not reasonably foreseeable. See Zadvydas v. Davis, 533 U.S. 678 (2001); Clark v. Martinez, 543 U.S. 371 (2005).

In addition, where the running of the removal period has been terminated by other events, the applicable removal period begins to run anew upon the happening of any of the events described in § 1231(a)(1)(B). See, e.g., 28 U.S.C. § 1231(a)(1)(B)(iii); Gregory v. B.I.C.E./D.H.S., Civil Action No. 06-4008 (SDW), 2007 WL 708856 (March 6, 2007); Michel v. INS, 119 F.Supp.2d 485, 498 (M.D. Pa. 2000).

Here, the six-month presumptively reasonable removal period began to run, the first time, when Petitioner was ordered removed on August 22, 2008, when the BIA entered a final administrative order. The running of the removal period terminated, however, when Petitioner filed his request for reconsideration on December

3, 2008. The removal period began running <u>anew</u> on January 30, 2009, when the BIA issued its order denying Petitioner's application for reconsideration.

The Petition is dated April 7, 2009, less than six months after the beginning of the removal period. To state a claim under <u>Zadvydas</u>, the six-month presumptively-reasonable removal period must have expired at the time the Petition is filed; a prematurely filed petition must be dismissed without prejudice to the filing of a new Petition once the removal period has expired. <u>See</u>, e.g., <u>Akinvale v. Ashcroft</u>, 287 F.3d 1050, 1051 (11th cir. 2002); <u>Fahim v. Ashcroft</u>, 227 F.Supp.2d 1359, 1363 (N.D. ga. 2002); <u>Monpremier v. Chertoff</u>, 2007 WL 909575 (N.D. Fla. March 21, 2007). Accordingly, this Petition must be dismissed.

### III.   <u>CONCLUSION</u>

For the reasons set forth above, the Petition will be dismissed without prejudice. An appropriate order follows.

                                            Peter G. Sheridan
                                            United States District Judge

Dated:   7/2/09